United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:15-30 |
| | § | CRIMINAL NO. 6:15-57-1 |
| WILLIAM CHANCE WALLACE, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant William Chance Wallace's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). D.E. 106.

**I. BACKGROUND**

Defendant pled guilty to being a felon in possession of a firearm and ammunition in Case No. 6:15-CR-30 and to aiding and abetting retaliation against a witness in a federal investigation in Case No. 6:15-CR-57. The cases were consolidated for sentencing. Application of the grouping provisions of U.S.S.G. § 3D1.4 would have given Defendant a base offense level of 26; however, the Court determined that he was an armed career criminal, which subjected him to a statutory minimum 15-year term of imprisonment for the firearms conviction. He was sentenced to 180 months in each case, to run concurrently.

Defendant has served 98 months (54%) of his 180-month sentence and has a projected release date, after good time credit, of August 14, 2028. He now moves the Court for a sentence reduction because: (1) he no longer qualifies as an armed career criminal; (2) he is needed at home to care for his daughter, who was molested by a family member; (3) the conditions of confinement due to COVID-19 are unusually harsh; (4) his sentence is unusually long; and (5) he is fully

1

rehabilitated. Defendant's administrative request for a sentence reduction based on changes in the law and his family circumstances was denied by the warden on November 4, 2022.

## II. LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances; at issue here is colloquially called "compassionate release." *See United States v. Shkambi*, 993 F.3d 388, 390–92 (5th Cir. 2021). A prisoner may move for compassionate release when "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "[T]his statutory phrase requires a prisoner to show he 'faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner' that leads 'irresistibly' to the conclusion that this prisoner has a 'singular' and 'remarkable' need for early release." *United States v. McMaryion*, 2023 WL 4118015, at *1 (5th Cir. June 22, 2023) (quoting *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)).

If the district court finds that extraordinary and compelling reasons warrant a sentence reduction, "then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The applicable § 3553(a) factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentencing disparities among similarly-situated

defendants; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7). "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." *Ward*, 11 F.4th at 360.

## III. ANALYSIS

### A. Extraordinary and Compelling Circumstances

#### 1. Changes in Law

Citing the Supreme Court's recent decision in *Borden*, Defendant argues that he is entitled to a sentence reduction because he no longer qualifies as an armed career criminal.

The Armed Career Criminal Act (ACCA) provides that a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). Defendant's prior convictions in Texas for violent felonies and/or serious drug offenses included one count of possession of a controlled substance with intent to distribute, two counts of aggravated assault, and one count of unlawful delivery of a controlled substance. *See* U.S.S.G. § 4B1.4; 18 U.S.C. § 924(e). The Fifth Circuit recently held that aggravated assault under Texas Penal Code §§ 22.01(a)(1) and 22.02(a)(2) does not qualify as a violent felony under the ACCA. *United States v. Combs*, 2022 WL 287556, at *1 (5th Cir. Jan. 31, 2022) (citing *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021); *United States v. Gomez Gomez*, 23 F.4th 575, 577 (5th Cir. 2022)). However, the Fifth Circuit has also made clear that claims arising from non-retroactive changes in criminal law are not cognizable under 18 U.S.C. § 3582(c)(1). *McMaryion*, 2023 WL 4118015 at *2 ("[A] prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling."). Thus, Defendant's claim that he is entitled to a sentence reduction because he no

3

longer qualifies as an armed career criminal is not cognizable under existing Fifth Circuit precedent.

The Court is aware that forthcoming amendments to the Sentencing Guidelines, effective November 1, 2023, provide that non-retroactive changes in the law may constitute extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A):

> UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (2023).

Defendant would not qualify for a sentence reduction under U.S.S.G. § 1B1.13(b)(6), as amended, because he has not served at least 10 years of his sentence. He also would not qualify for a sentence reduction under § 1B1.13(c) because, as explained *infra*, he has not "otherwise establishe[d] that extraordinary and compelling reasons warrant a sentence reduction under this policy statement." See U.S.S.G. § 1B1.13(c).

### 2. Family Circumstances

Defendant states that he is needed at home because his 16-year-old daughter is having emotional problems after being molested by a family member several years ago, and he is the only person she wants to relate to. Defendant's mother is currently caring for his daughter; however, his mother has serious medical issues and needs his financial assistance and help in caring for his daughter and four additional grandchildren. Defendant has submitted a letter from his mother's doctor confirming that she has chronic medical conditions that make it difficult to care for Defendant's daughter, including neck pain, low back pain, asthma, anxiety, and depression.

Forthcoming amendments to the Sentencing Guidelines, effective November 1, 2023, provide that extraordinary and compelling circumstances may exist based on "[t]he death or incapacitation of the caregiver of the defendant's minor child . . . ." U.S.S.G. § 1B1.13(b)(3)(A). Defendant has failed to submit documentation that: (1) his mother is incapacitated and is no longer able to care for his daughter, (2) he is the only family member capable of caring for his daughter; or (3) he has the financial means to care for his daughter immediately upon his release. On this record, the Court finds that Defendant has failed to meet the criteria set forth in U.S.S.G. § 1B1.13(b)(3)(A), as amended, or to otherwise demonstrate that his family circumstances warrant a sentence reduction.

### 3. Conditions of Confinement

Defendant urges the Court to consider that he has faced unusually harsh conditions as a result of lockdown measures undertaken by the Bureau of Prisons (BOP) to control the spread of COVID-19. To the extent Defendant wishes to pursue what appear to be Eighth Amendment claims against the BOP based on his alleged conditions of confinement, he may file a separate civil action; however, "the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person." *United States v. Koons*, 455 F. Supp. 3d 285, 291 (W.D. La. 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

### 4. Sentencing Disparity

Defendant complains that his sentence is "unfairly long" and "disproportional to the average sentence for firearms offenses" and "other sentences imposed on like defendants." D.E.

5

106, p. 13. Defendant received a mandatory minimum sentence of 15 years—the same as other armed career criminals at the time. His sentence was neither disproportional nor extraordinary.

### 5. Rehabilitative Efforts

Finally, Defendant emphasizes his post-sentencing rehabilitative efforts. He claims to have taken advantage of every rehabilitation program available to him, maintained a clear conduct record, sought religious counseling in prison, and regained his moral compass; however, he has failed to submit documentation supporting these claims. Moreover, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii).

## B. 18 U.S.C. § 3553(a) Factors

Defendant's criminal history included prior convictions for delivery of marijuana; theft of property; possession of marijuana; criminal mischief; aggravated assault (two convictions); possession with intent to deliver methamphetamine; unlawful possession of cocaine; and unlawful delivery of cocaine. He was a wanted fugitive when U.S. Marshals arrested him in 2016 for a state probation violation. At the time of his arrest, he was found to be in possession of a handgun and various ammunition, giving rise to the felon in possession charge in 6:15-CR-30. While in custody, Defendant directed two individuals to post a picture of a criminal complaint and naming a federal witness as a "snitch" on social media, thereby causing threats of violence to be made against the witness. He is currently classified by the BOP as high risk for recidivism.

Based on the nature and circumstances of the offenses of conviction, Defendant's history and characteristics, and the danger to the community that would be posed by his release, the Court finds that a sentence reduction would be inconsistent with the sentencing factors set forth in 18

U.S.C. § 3553(a) and would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense, nor would it deter criminal conduct or protect the public from Defendant's further crimes. *See* 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

For the reasons stated above, the Court finds that extraordinary and compelling reasons do not warrant a sentence reduction and that a reduction would be inconsistent with 18 U.S.C. § 3553(a). Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (D.E. 106) is therefore **DENIED**.

It is so **ORDERED** this 5th day of July, 2023.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE